FILED
CLERK, U.S. DISTRICT COURT

08/14/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>RUIXUE SHI,<br>  aka "Serena Shi,"<br><br>        Defendant. | CR  2:20-cr-00350-RGK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 1957: Transactional Money Laundering] |

The Grand Jury charges:

COUNTS ONE THROUGH SIX

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   Global House Buyer LLC ("GHB") was a real estate development company based in the People's Republic of China ("PRC") that had an office in Beverly Hills, California, within the Central District of California.  GHB solicited investments from individual investors to develop hotels and condominium residences in the United States.

2. Defendant RUIXUE SHI, also known as "Serena Shi," was a resident of Beverly Hills, California, within the Central District of California. Defendant SHI was the General Manager of GHB.

3. "Hyde" was a luxury hotel and nightlife brand owned by SBE Entertainment ("SBE"), a privately held lifestyle hospitality company based in Los Angeles, California, that managed and operated hotels, restaurants, and nightclubs. Dakota Development was a real estate development subsidiary of SBE that developed SBE's hotel projects, including projects under the Hyde brand.

4. The EB-5 Immigrant Investor Program (the "EB-5 Program") was a federal program administered by the United States Citizenship and Immigration Services that allowed foreign investors to secure a United States visa by investing a large sum of money to finance a business in the United States that would employ American workers.

5. Consulting Firm 1 was a consulting firm based in Mount Pleasant, Michigan, that provided venture capital, business, and structured finance consulting services.

6. Defendant SHI controlled and was a signatory to bank accounts at Wells Fargo Bank in the names of GHB Development LLC, Coachella Valley Hotel LLC, and Hyde Morgan Development LLC, including the following:

a. A business checking account in the name of Coachella Valley Hotel LLC held in Los Angeles County ("WF Account 1"); and

b. A business checking account in the name of Coachella Valley Hotel LLC held in Los Angeles County ("WF Account 2").

B.   THE SCHEME TO DEFRAUD

7. Beginning in or around November 2015, and continuing until at least in or around July 2018, in Los Angeles County, within the

2

1  Central District of California, and elsewhere, defendant SHI,

2  knowingly and with intent to defraud, devised, participated in, and

3  executed a scheme to defraud investors in GHB as to material matters,

4  and to obtain moneys, funds, assets, and other property owned by and

5  in the custody and control of the victims by means of material false

6  and fraudulent pretenses, representations, and promises, and the

7  concealment of material facts.

8      8.    The fraudulent scheme operated and was carried out, in

9  substance, as follows:

10         a.    Defendant SHI identified approximately 47 acres of

11 land in Coachella, California, for a proposed hotel and condominium

12 project to be developed by GHB.

13         b.    Defendant SHI contacted Dakota Development to partner

14 on the proposed development project, which was to be called the Hyde

15 Resorts and Residences Coachella Valley (the "Hyde Development").

16         c.    Defendant SHI solicited investments in the Hyde

17 Development from the victims by giving sales presentations at hotels,

18 releasing radio advertisements, and contacting victims over forums on

19 WeChat, a Chinese multi-purpose messaging, social media, and mobile

20 payment application.

21         d.    Defendant SHI marketed the Hyde Development to the

22 victims by making and causing to be made the following statements

23 regarding the Hyde Development:

24             i.    that the Hyde Development would be a 207-unit

25 luxury condominium and hotel complex with a total of 95,000 square

26 feet of on-site conference facilities, a pool complex, a spa, a

27 fitness center, and other site amenities;

28

3

1             ii.   that the Hyde Development was scheduled to begin

2    construction in 2017;

3             iii. that investors in the Hyde Development would be

4    purchasing a Hyde Development condominium unit, which ranged in price

5    between $400,000 and $700,000;

6             iv.   that the investors would only be required to pay

7    40% of the total purchase price upfront as a down payment, and that

8    GHB would help the investors finance the remainder of the purchase

9    price with loans from banks in the United States when the Hyde

10   Development was completed;

11            v.    that GHB would lease back the units from the

12   investors at the rate of 1% of the unit purchase price per month as

13   rent for a specified lease term of either 5, 10, 15, or 20 years; and

14            vi.   that GHB would enable investors from the PRC who

15   invested in the Hyde Development to obtain United States visas

16   through the EB-5 Program.

17         e.    In order to induce the victims to invest in the Hyde

18   Development, defendant SHI made and caused to be made the following

19   false and fraudulent statements, representations, and promises, among

20   others, to the victims, which defendant SHI knew were false when she

21   made them:

22            i.    that GHB had already purchased all of the land on

23   which the Hyde Development was to be built;

24            ii.   that GHB had obtained all of the required city

25   development approvals for the Hyde Development;

26            iii. that GHB would enable victims from the PRC to

27   obtain a United States visa under the EB-5 Program; and

28

4

1            iv.   that the victims' funds would be used only for

2  the purpose of funding the Hyde Development.

3            f.   Defendant SHI further omitted and concealed from the

4  victims the material fact that defendant SHI would spend the victims'

5  funds to fund her own lifestyle and pay for her personal expenses

6  instead of investing the funds into the Hyde Development.

7            g.   Relying on these material false statements and

8  omissions of fact, the victims would invest large sums of money with

9  defendant SHI by means of foreign and interstate wire payments.

10           h.   To give GHB the appearance of legitimacy, defendant

11  SHI would forge the signature of a prominent attorney from Los

12  Angeles, California, D.P., on contracts with the victims, and cause

13  GHB representatives to tell the victims that D.P. was the head of

14  GHB's American legal team.

15           i.   To further give GHB the appearance of legitimacy, and

16  to induce the victims into believing that their funds were being held

17  in business accounts related to the Hyde Development, defendant SHI

18  would direct many of the victims' funds to be deposited into

19  purported escrow accounts held in the name of Consulting Firm 1.

20           j.   Consulting Firm 1 would not maintain the victim funds

21  in escrow accounts.  Instead, at the direction of defendant SHI,

22  Consulting Firm 1 would transfer the funds to Wells Fargo Bank

23  accounts controlled by defendant SHI in the names of GHB Development

24  LLC, Coachella Valley Hotel LLC, and Hyde Morgan Development LLC.

25           k.   Defendant SHI would then use the victims' funds in the

26  Wells Fargo accounts she controlled to fund her own lavish lifestyle.

27

28

l.    Over the course of this scheme, defendant SHI raised approximately $22.8 million from over 60 victims as investments in the Hyde Development.

C.    USE OF THE WIRES

9.    On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant SHI transmitted and caused the transmission of the following items by means of wire and radio communication in interstate and foreign commerce:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|-------|------|------------------------------|
| ONE | 8/23/2016 | Wire transfer of approximately $43,005 from a bank account in the PRC in the name of C.L. to WF Account 1. |
| TWO | 10/27/2016 | Wire transfer of approximately $50,000 from a bank account in the PRC in the name of Y.J.R. to WF Account 1. |
| THREE | 10/28/2016 | Wire transfer of approximately $43,000 from a bank account in the PRC in the name of F.D. to WF Account 1. |
| FOUR | 11/2/2016 | Wire transfer of approximately $38,758 from a bank account in the PRC in the name of Z.N. to WF Account. |
| FIVE | 11/17/2016 | Wire transfer of approximately $50,000 from a bank account in Hong Kong in the name of F.D. to WF Account 1. |
| SIX | 12/12/2016 | Wire transfer of approximately $39,985 from a bank account in the PRC in the name of S.S.W. to WF Account 2. |

6

COUNT SEVEN

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

10.  On or about September 28, 2016, in Los Angeles County, within the Central District of California, defendant SHI knowingly transferred, possessed, and used, and willfully caused the transfer, possession, and use of, without lawful authority, a means of identification of another person, namely, the signature of D.P., during and in relation to wire fraud, a felony violation of Title 18, United States Code, Section 1343, as charged in Counts One through Six of this Indictment.

COUNTS EIGHT THROUGH ELEVEN

[18 U.S.C. §§ 1957, 2(b)]

11.  On or about the following dates, defendant SHI established and maintained the following bank accounts with Citibank:

a.  On September 23, 2019, defendant SHI established and caused to be established a personal checking account in her name held in Los Angeles County ("Citi Account 1"); and

b.  On September 24, 2019, defendant SHI established and caused to be established a business checking account in the name of GHB Don Juan Villas, LLC held in Los Angeles County ("Citi Account 2").

12.  On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere, defendant SHI, knowing that the funds involved represented the proceeds of some form of unlawful activity, engaged in and willfully caused others to engage in the following monetary transactions affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, wire fraud, committed in violation of Title 18, United States Code, Section 1343, as charged in Counts One through Six of this Indictment:

//

//

//

//

//

//

//

8

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| EIGHT | 9/23/2016 | Wire transfer of approximately $150,000 from WF Account 1 to a luxury lifestyle design company. |
| NINE | 11/2/2016 | Wire transfer of approximately $147,500 from WF Account 1 to a luxury lifestyle design company. |
| TEN | 12/2/2016 | Wire transfer of approximately $132,995 from WF Account 1 to a luxury clothing company. |
| ELEVEN | 9/25/2019 | Transfer of approximately $200,000 from Citi Account 2 to Citi Account 1. |

A TRUE BILL


_____/S/_____

Foreperson


NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ALEXANDER C.K. WYMAN
ALEXANDER B. SCHWAB
Assistant United States Attorneys
Major Frauds Section