TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
Assistant United States Attorneys
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1259/2435
    Facsimile: (213) 894-6269
    E-mail:   alexander.schwab@usdoj.gov
               alex.wyman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>RUIXUE SHI,<br>   aka "Serena Shi,"<br><br>       Defendant. | No. CR 20-350-RGK<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**  11-30-21<br>**PROPOSED TRIAL DATE:**  05-17-22 |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Alexander B. Schwab and Alexander C.K. Wyman, and defendant Ruixue Shi ("defendant"), both individually and by and through her counsel of record, Deputy Federal Public Defender Richard Goldman, hereby stipulate as follows:

    1.   The Indictment in this case was filed on August 14, 2020. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on June 19, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 16, 2020.

2. On August 20, 2020, the Court set a trial date of October 13, 2020. The Court continued the trial date in this case to August 10, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. Defendant subsequently requested a continuance to March 15, 2022, which the Court granted in part, continuing the trial date to November 30, 2021, and finding the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately five to seven days.

4. By this stipulation, defendant moves to continue the trial date to May 17, 2022. This is the third request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with violations of 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1028A (aggravated identity theft), and 18 U.S.C. § 1957 (money laundering). The government has produced discovery to the defense, including over 20,000 pages of reports of investigation, complaints, photographs, bank records, and other records obtained from third parties. Many of these documents are in Chinese.

b. On September 10, 2020, defendant's current counsel substituted in as counsel of record. Defense counsel represent that they currently have the following trial conflicts: United States v. Garrett, No. 17-cr-00422-ODW, scheduled for October 12, 2021, and expected to last four days; United States v. Rodriguez, No. 20-cr-00499-SVW, scheduled for October 19, 2021, and expected to last four days; United States v. Fleming, No. 21-cr-00110-JAK, scheduled for November 16, 2021, and expected to last two days; United States v. Damn, No. 20-cr-00114-SVW, scheduled for December 14, 2021, and expected to last five days; United States v. Garcia, No. 21-cr-00027-FLA, scheduled for February 1, 2022, and expected to last four days; United States v. Runnels, No. 21-cr-00120-ODW, scheduled for February 8, 2022, and expected to last five days; United States v. Martinez, No. 17-cr-00080-ODW, scheduled for February 15, 2022 and expected to last four days; and United States v. Sims, No. 21-cr-00350-JFW, scheduled for April 26, 2022, and expected to last two days. Accordingly, counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

c. Additional special circumstances warrant the requested continuance in this case.

i. In connection with this stipulation, defense counsel has submitted an in camera and under seal filing for the Court's consideration detailing personal reasons why defense counsel believes the continuance is necessary to afford the time necessary to prepare this case for trial.

ii. As explained in the previously submitted stipulation to continue, defense counsel was been unable to meet in

3

person with defendant during the majority of his representation. While defense counsel and defendant had been able to communicate in other ways, the inability to meet in person seriously limited defense counsel's ability to prepare the case for trial, including through a comprehensive review of discovery -- which includes many financial documents -- and the identification of potential defense witnesses. These challenges have proved all the greater in light of the protective order's limitations on defendant's ability to retain her own copy of certain discovery.

    iii. Particularly in light of COVID-19 related restrictions on travel and social interactions, counsel for defendant represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.  In particular, preparation for this case may require defense counsel and an investigator to travel to China to interview witnesses, conduct and complete additional legal research including for potential pretrial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

  e. The government does not object to the continuance.

  f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 30, 2021, to May 17, 2022, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 28, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

           /s/
ALEXANDER B. SCHWAB
ALEXANDER C.K. WYMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

1     I am Ruixue Shi's attorney. I have carefully discussed every
2 part of this stipulation and the continuance of the trial date with
3 my client. I have fully informed my client of her Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than May 17, 2022, is
7 informed and voluntary.

8    /s/ Richard Goldman                     9/28/21
9 RICHARD GOLDMAN                            Date
   Deputy Federal Public Defender
10 Attorney for Defendant
   RUIXUE SHI

12     I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I
14 voluntarily agree to the continuance of the trial date and give up my
15 right to be brought to trial earlier than May 17, 2022.

16    /s/ Ruixue Shi                            09/24/2021
17 RUIXUE SHI                                    Date
   Defendant