E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-1259
     Facsimile: (213) 894-0141
     E-mail:    alexander.schwab@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-350-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S SUPPLEMENTAL SENTENCING POSITION REGARDING DEFENDANT RUIXUE SHI |
| v. | |
| RUIXUE SHI, aka "Serena Shi," Defendant. | Hearing Date: 11-21-2022<br>Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the Hon. R. Gary Klausner |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Alexander B. Schwab, hereby files its supplemental sentencing position regarding defendant Ruixue Shi.

This supplemental sentencing position is based upon the attached

//

//

memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: November 17, 2022          Respectfully submitted,

                                                E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


                                                        /s/
ALEXANDER B. SCHWAB
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In filing her frivolous motion to withdraw her guilty plea on the eve of sentencing, defendant makes a number of demonstrably false claims that show that she has failed to accept responsibility for her crime up to and including the time of sentencing.  The Court should therefore decline to provide her a three-level reduction under USSG § 3E1.1 for acceptance of responsibility.  Given the severity of defendant's conduct and her efforts to avoid accountability and deprive her victims of justice even at this late hour, the government now recommends that the Court impose a guideline sentence of **240 months' imprisonment** -- a figure that would be even higher under the Sentencing Guidelines but for the applicable twenty-year statutory maximum.

**II.  REVISED SENTENCING GUIDELINES CALCULATION**

Both the government in its previously filed sentencing position and the Probation Office, in its Revised Presentence Report, calculated defendant's sentencing guideline range as 188 to 235 months' imprisonment based on a total offense level of 36.  (CR 153, at 4).  The offense level calculation includes the following guidelines:

| | | |
|---|---|---|
| Base Offense Level: | 7 | [USSG § 2B1.1(a)(1)] |
| Loss ≥ $25 million | +22 | [USSG § 2B1.1(b)(1)(L)] |
| Substantial Financial Hardship to 25 or More Victims | +6 | [USSG § 2B1.1(b)(2)(C)] |
| Scheme Outside United States | +2 | [USSG § 2B1.1(b)(10)(B)] |
| Vulnerable Victims | +2 | [USSG § 3A1.1(b)(1)] |

|   |   |   |
|---|---|---|
| Acceptance of Responsibility | -3 | [USSG § 3E1.1] |
| TOTAL OFFENSE LEVEL | 36 | |

Based on this calculation, the government previously recommended a sentence of 188 months' imprisonment -- the low end of defendant's guideline range.

On November 15, less than a week before her sentencing and even after she filed her own sentencing position in this matter, defendant filed a motion to withdraw her guilty plea predicated entirely on a letter to the Court in which she claims, among other things, that she had "no intention to defraud investors" and "never made any presentation and false statement to investors while knowing it was not true." (CR 151, Exh., at 2). The government opposes this motion for the various reasons set forth in its filing. (CR 155). But in submitting her motion to withdraw, defendant has also demonstrated that she has not accepted responsibility for her crime and is not entitled to a three-level reduction. See USSG § 3E1.1, comment. (n.1(A)) ("A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). In seeking to withdraw her guilty plea, defendant now not only falsely denies and frivolously contests relevant conduct, but essentially the entire factual basis in support of her guilty plea.[1]

Correctly calculated, defendant's offense level is therefore 39, and her guideline range would be 262 to 327 months' imprisonment but

---

[1] The government committed under the plea agreement to recommend a three-level reduction in defendant's offense level pursuant to USSG § 3E1.1, but only insofar as "defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing." (CR 101, at 4).

2

for the twenty-year statutory maximum sentence for wire fraud, her crime of conviction.  Defendant's guideline sentence is therefore **240 months' imprisonment.**

**III. ARGUMENT**

Defendant's motion to withdraw her guilty plea establishes that she has failed to accept responsibility for her crime and demonstrates that she is not entitled to a three-level reduction in her offense level.  Not only that, but the late hour and dishonest manner in which she has made her specious claim show (1) her willingness to attempt to deceive the Court; and (2) her efforts to deny -- or at least delay -- her victims' opportunity to see justice done and to have restitution awarded.  Indeed, under the Crime Victims' Rights Act, victims are guaranteed "[t]he right to proceedings free from unreasonable delay" and "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy."  18 U.S.C. § 3771(a)(7), (8).  Defendant has attempted to deprive her victims of these rights, thereby victimizing them all over again.

Thus, it is not only the Sentencing Guidelines that demand a higher sentence for defendant than was previously contemplated, but the statutory sentencing factors as well, since defendant's egregious repudiation of her acceptance of responsibility shows the need for a greater sentence to "promote respect for the law," "afford adequate deterrence," and "protect the public."  18 U.S.C. § 3553(a). Defendant has shown no remorse, and there is no reason to believe that, if shown leniency, she would not reoffend at the first available opportunity.  A 240-month sentence is therefore the appropriate one in this case.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court impose a sentence of 240 months' imprisonment followed by three years of supervised release, restitution of $26,185,634, and a $100 special assessment.